1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8               FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    DANIEL RAY CALDERON,                  No. 2:24-cv-01106-EFB (PC)

11              Plaintiff,

12         v.                               ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
13    CDCR, et al.,

14              Defendants.

15

16         Plaintiff is a former state prisoner proceeding without counsel in an action brought under

17   42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

18   U.S.C. § 636(b)(1).  In addition to filing a complaint, plaintiff has filed an application to proceed

19   in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 2.

20                        Application to Proceed In Forma Pauperis

21         Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1).

22   Accordingly, the court grants plaintiff leave to proceed in forma pauperis.

23                               Screening Standards

24         Where a litigant has been granted leave to proceed in forma pauperis, the court must

25   dismiss the action at any time if it "determines that the action or appeal—(i) is frivolous or

26   malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

27   against a defendant who is immune from such relief."  28 U.S.C.S. § 1915(e)(2)(B).

28   ////

                                        1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff alleges that, while he was confined in the Rehabilitation Center in Norco, California, operated by the California Department of Corrections and Rehabilitation ("CDCR"), his ankle was injured by a broken drain cover in the institution's kitchen.  ECF No. 1 at 1. Plaintiff notified custody staff, but the drain "went unfixed for months" after the injury.  *Id.* Plaintiff was injured again, "further aggravating an already tender injury."  *Id.* at 2.  When plaintiff tried to notify medical staff, "un-professional comments were made" and "medical assistance was not summoned."  *Id.*  Plaintiff alleges that CDCR and an unidentified correctional

2

1  officer thereby denied him medical care and exposed him to an unsafe living condition. *Id.*

2       CDCR is not a proper defendant, as it is a state agency and is thereby shielded from

3  liability under § 1983 as an arm of the state. *Aranda v. Martel*, 416 Fed. App'x 651 (9th Cir.

4  2011). Without CDCR as a defendant, venue is not appropriate in this court. The federal venue

5  statute, 28 U.S.C. § 1391, provides that venue is proper in:

6       (1) a judicial district in which any defendant resides, if all defendants are residents
7       of the State in which the district is located;

8       (2) a judicial district in which a substantial part of the events or omissions giving
     rise to the claim occurred, or a substantial part of property that is the subject of
9       the action is situated; or

10      (3) if there is no district in which an action may otherwise be brought as provided
     in this section, any judicial district in which any defendant is subject to the court's
11      personal jurisdiction with respect to such action.

12  28 U.S.C. § 1391(b). The events giving rise to this action occurred in Norco, California, which

13  lies within the Central District of California. CDCR is not a proper defendant, and the

14  unidentified correctional officer defendant presumably resides in Norco or its environs. It thus

15  appears that the action should be pursued in the Central District.

16                              <u>Order and Recommendation</u>

17       Accordingly, it is hereby ORDERED that:

18  1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED; and

19  2. The Clerk of Court randomly assign a district judge to this action.

20  It is further RECOMMENDED that the court:

21  1. Dismiss all claims against CDCR as barred by the 11th Amendment; and

22  2. Transfer the action to the Central District of California.

23       These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

25  after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties. Such a document should be captioned

27  "Objections to Magistrate Judge's Findings and Recommendations."

28  /////

                                           3

1        Failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

3  951 F.2d 1153 (9th Cir. 1991).

4

5  Dated: February 20, 2025

6                                                    EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE